IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LONG BEACH DEVELOPMENT ASSOCIATES, LP<br><br>    PLAINTIFF<br><br>V.<br><br>GOLD'S TEXAS HOLDINGS GROUP, INC. F/K/A GOLD'S TEXAS LP, INC. AND GOLD'S GYM INTERNATIONAL, INC.<br><br>    DEFENDANTS | CIVIL ACTION NO. 5:14-CV-00039 |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT GOLD'S TEXAS HOLDINGS GROUP, INC. F/K/A GOLD'S TEXAS LP TO PRODUCE A PRIVILEGE LOG AND DISCLOSE THE DATE IT REASONABLY ANTICIPATED LITIGATION**

TO THE HONORABLE HARRY LEE HUDSPETH, UNITED STATES DISTRICT JUDGE

Plaintiff Long Beach Development Associates, L.P. files this Motion to Compel Defendant Gold's Texas Holdings Group, Inc. f/k/a Gold's Texas LP (hereinafter "Gold's") to Produce a Privilege Log and Disclose the Date it Reasonably Anticipated Litigation and, pursuant to Rule 37, asks the Court for an order compelling Gold's to 1) produce a privilege log as required by Rule 26(b)(5) and 2) disclose the date that it reasonably anticipated litigation and the reasons why it anticipated litigation on the date disclosed.

1.      On April 22, 2014 Plaintiff served Plaintiff Long Beach Development Associates L.P.'s First Request for Production to Defendant on Defendant Gold's.  A true and correct copy of that request is attached hereto as Exhibit "A" and incorporated by reference.

2.      On June 18, 2014, Defendant Gold's served Defendant Gold's Texas Holdings Group, Inc. f/k/a Gold's Texas LP, Inc.'s Responses to Plaintiff's First Request for Production of

Documents (hereinafter the "Responses").  A true and correct copy of Gold's Responses is attached hereto as Exhibit "B" and incorporated by reference.

3. On July 31, 2014, Defendant Gold's served Defendant Gold's Texas Holdings Group, Inc. f/k/a Gold's Texas LP, Inc.'s First Supplemental Responses to Plaintiff's First Request for Production of Documents (hereinafter the "Supplemental Responses").  A true and correct copy of Gold's Supplemental Responses is attached hereto as Exhibit "C" and incorporated by reference.

4. On September 11, 2014, Defendant Gold's served Defendant Gold's Texas Holdings Group, Inc. f/k/a Gold's Texas LP, Inc.'s First Amended Responses to Plaintiff's First Request for Production of Documents (hereinafter the "Amended Responses").  A true and correct copy of Gold's Amended Responses is attached hereto as Exhibit "D" and incorporated by reference.

5. In the Responses, Supplemental Responses and Amended Responses Gold's asserted claims of privilege to Requests for Production 4, 5, 6, 13, 16, 17, 18, 20, 22, 23, 26, 27, 33, 34, 35, 36, and 51.  Each of the responses states that documents responsive to the requests are being withheld based upon the assertion of four privileges:  1) consulting expert; 2) party communications; 3) attorney work product; and 4) attorney/client privilege.

6. Rule 26(b)(5)(A) provides:

(5) Claiming Privilege or Protecting Trial Preparation Materials

(A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party **must**:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclose—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(**Emphasis added**).

7. Gold's states in response to Request for Production 4 that "…Defendant refers Plaintiff to its Privilege Log and all supplements thereof... ." See Amended Response, Exhibit "D", page 4). Despite repeated requests, Gold's has never produced a privilege log that would enable Plaintiff to assess Gold's claims of privilege.

8. Plaintiff's counsel has attempted in good faith to confer with Gold's counsel regarding the subject of this motion in compliance with Rule 37(a)(1). Attached hereto as Exhibit "E" are conference communications dated December 11, 16, and 17, 2014. In addition, counsel for plaintiff attempted to confer with Gold's counsel by phone on January 22, 2015, and left a detailed voicemail message but did not receive a return call prior to filing this motion.

9. Plaintiff requests that the Court order Gold's to disclose the date that it reasonably anticipated litigation and the reasons that it reasonably anticipated litigation on that date.

10. Gold's asserts that some of its documents are not discoverable based on work product protection. Work product protection is not a privilege but a qualified immunity protecting from discovery 1) work product, 2) prepared in anticipation of litigation, 3) by or for a

party or its representative. *In Re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir.2007.

11. In order for Plaintiff and the Court to assess Gold's claims of work product protection, Gold's should be required to disclose the date that it reasonably anticipated litigation and why.

12. Plaintiff requests that Defendant Gold's be ordered to pay Plaintiff's reasonable expenses incurred in making this motion, including attorney's fees pursuant to Rule 37(a)(5).

For these reasons, Plaintiff prays that the Court order Defendant Gold's Texas Holdings Group, Inc. f/k/a Gold's Texas LP to:

a. Produce a privilege log of describing all documents withheld from production based on an assertion of privilege in compliance with by Rule 26(A)(5)(ii);

b. Disclose the date that it reasonably anticipated litigation in this case and the reasons that litigation was reasonably anticipated as of that date;

c. Pay Plaintiff's reasonable expenses in making this motion, including attorney's fees; and

d. For all other relief to which Plaintiff is entitled.

                    Respectfully submitted,

                    */s/ Stephanie O'Rourke*
                    Stephanie O'Rourke
                    Texas State Bar No. 15310800
                    sorourke@cbylaw.com
                    Jay K. Farwell
                    Texas State Bar No. 00784038
                    jfarwell@cbylaw.com
                    COKINOS, BOSIEN & YOUNG
                    10999 West IH-10, Suite 800
                    San Antonio, Texas 78230
                    T 210-293-8700
                    F 210-293-8733

                    ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of January, 2015, a true and correct copy of the foregoing document has been sent to the following counsel of record by electronic mail through ECF filing in accordance with the Federal Rules of Civil Procedure and local Rules of the Western District of Texas:

***Attorneys for Defendants Gold's Texas Holdings Group, Inc. f/k/a Gold's Texas LP and Gold's Gym International, Inc.:***
Paul Huckabay
Adami, Shuffield, Scheihing & Burns, P.C.
SWBC Tower
9311 San Pedro, Suite 900
San Antonio, Texas 78216
phuckabay@adamilaw.com

***Attorneys for Third-Party Defendant Construction Solutions, Inc.:***
Patrick T. Mulry
Michael B. Gerstle
Gerstle, Minissale & Snelson, LLP
5005 Greenville Avenue, Suite 200
Dallas, Texas 75206
patrick.mulry@gmsattorneys.com
michael.gerstle@gmsattorneys.com

***Attorneys for Third-Party Defendant Acme Butane Company, Inc. d/b/a Arnold Moos Company:***
Katy Merrill Andre
David A. Wright
Davis & Wright, P.C.
P.O. Box 2283
Austin, Texas 78768-2283
kandre@dwlaw.com
dwright@dwlaw.com

***Attorneys for Third-Party Defendant CamargoCopeland Architects, LLP:***
David P. Benjamin
Dan Vana
Benjamin, Vana, Martinez & Biggs, LLP
2161 NW Military Highway, Suite 111
San Antonio, Texas 78213
DBenjamin@benlawsa.com
Danvana@benlawsa.com

***Attorneys for Third-Party Defendant Jerry's Concrete, LLC:***
Michael Morris
Morris & Bermudez, PLLC
299 W. San Antonio St.
New Braunfels, Texas 78130
mmorris@mmbiblaw.com

***Attorneys for Third-Party Defendant Herron Construction Services, Inc.:***
John T. Dailey
Allen, Stein & Durbin, P.C.
6243 IH-10 West, 7th Floor
P.O. Box 101507
San Antonio, Texas 78201
jdailey@asdh.com


    */s/ Stephanie O'Rourke*
Stephanie O'Rourke
Jay K. Farwell